MARTHA HARLOW, complainant-respondent,

*v.*

ALFRED A. K. HARLOW, defendant-appellant.

[Submitted June 9th, 1924.    Decided October 20th, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Mr. Merritt Lane* and *Messrs. Gifford & Miller,* for the appellant.

*Mr. Charles Jones,* for the respondent.

PER CURIAM.

This is an appeal from a decree of the court of chancery in a suit by the wife against the husband for maintenance, based upon the constructive desertion of the wife by the husband. The court below found that the husband, without any justifiable cause, abandoned the wife and separated himself from her (in that the husband, by his conduct, compelled his wife to leave him) and neglected and refused to maintain and provide for her support and maintenance, and decreed the relief prayed for.

We think that was right.

The parties were married in 1907. The wife had been married before, and by the first husband had a son, Robert, who lived with the parties. They were unhappy in their married life and quarreled frequently, and the proofs disclose that the husband treated his wife cruelly. There is much persuasive evidence of violent physical abuse by the husband of the wife. We think there can be no doubt that she was justified in leaving him the first time, which was on May 1st, 1921. About three weeks after the separation, through the good offices of their minister and on the husband's promise to do better, the wife returned and lived with him until December 24th, 1921. She then left him again, and we think the proof is conclusive that she was justified in thus leaving him because of his unkind and abusive treatment of her, inclusive of physical violence towards her. This is shown not only by her testimony and that of her witnesses, but also, as we think, by the admissions of the defendant.

We have read carefully the letters thereafter written by the defendant, asking his wife to return. But upon such reading, considering all the circumstances, we do not think there is anything in them which put the wife in the wrong in refusing to return to him again. It is probably quite

true that the wife was of a very nervous type and at times exhibited hot temper, but that was not remarkable in the circumstances disclosed by the record. It is also probably true that her son, Robert, was the cause of much of the irritation between them, but our conclusion is that the conduct of the husband in the way of unkindness and abuse fully justified the wife in leaving him as she did, and refusing to return to him.

The decree below will be affirmed, with costs.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.